# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2022

Lyle W. Cayce
Clerk

No. 21-60832
Summary Calendar

DaRen Kareem Gadsden,

*Petitioner—Appellant*,

*versus*

Shannon D. Withers, *Warden,*

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CV-606

Before Jolly, Engelhardt, and Willett, *Circuit Judges*.

Per Curiam:*

DaRen Kareem Gadsden, federal inmate # 41948-037, appeals the dismissal, as frivolous, of his third 28 U.S.C. § 2241 petition challenging his 2013 convictions for eight counts of bank fraud. He also moves for leave to attach exhibits to his appeal brief and for appointment of counsel. As in prior

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60832

petitions, Gadsden contends that the banks he was charged with defrauding in three counts were not FDIC-insured and that his conviction on multiple bank fraud counts constituted double jeopardy. And as with his prior petitions, the district court determined that Gadsden could not satisfy the "savings clause" of 28 U.S.C. § 2255(e). *See Reyes-Requena v. United States*, 243 F.3d 893, 901-04 (5th Cir. 2001).

That Gadsden's seven previous attempts to obtain relief under § 2255 were unsuccessful does not render the § 2255 remedy inadequate or ineffective for savings clause purposes. *See id*. at 901-02. In any event, Gadsden's failure to brief the dispositive issues or identify any error in the district court's dispositive rulings is fatal to his appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Consequently, the judgment is AFFIRMED. Gadsden's motions for leave to attach exhibits to his appeal brief and for appointment of counsel are DENIED.

This is at least Gadsden's tenth attempt in six years to collaterally challenge his bank fraud convictions based on the same arguments that have been repeatedly rejected by federal courts. And it is his third § 2241 petition that has been dismissed for failure to satisfy the § 2255(e) savings clause. Gadsden is accordingly WARNED that future frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.